UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CREELGROUP, INC.,
a Nebraska corporation,

        Plaintiff,

v.

Case No. 11-CV-13798

HONORABLE AVERN COHN

NGS AMERICAN, INC.,
a Michigan corporation,
TRUSTCO HOLDINGS, INC.,
a Delaware corporation, and
SCOTT McCLELLAN,
a Michigan resident,

        Defendants.
_____/

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 29)

### I. Introduction

This is a tortious interference and breach of contract case. Plaintiff, The Creelgroup, Inc. (Creel), claims that defendants NGS American, Inc. (NGS) and its corporate parent, Trustco Holdings, Inc. (Trustco), breached a contract to pay commissions to Creel. Additionally, Creel claims that Scott McLellan (McLellan), a former NGS employee, tortiously interfered with its contractual rights and business expectancy by stealing a customer, Oakwood Hospital (Oakwood). The complaint contains three counts: Count (I) Tortious Interference with a Contract (McLellan); Count (II) Tortious Interference with a Business Expectancy (McLellan); and Count (III) Breach of Contract (NGS and Trustco).

On April 4, 2012, the Court held a hearing on the NGS, Trustco, and McLellan's (collectively, "Defendants") motion to dismiss (Doc. 9). The Court granted the motion and dismissed the case (Doc. 13). Now before the Court is Creel's motion for reconsideration (Doc. 25). Defendants filed a response to Creel's motion (Doc. 29). For the reasons that follow, the motion will be DENIED.

## II.  Standard of Review

A motion for reconsideration is governed by E.D. Mich. LR 7.1(h), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp.2d 714, 718 (E.D. Mich. 2001).

## III.  Discussion

### A.  Breach of Contract

Creel argues that the Court should reconsider dismissal of Creel's claim for breach of contract. Creel contends that (1) Creel did not previously brief the issue of consideration; (2) the Court failed to consider provisions in the contracts that establish consideration; and (3) the Court should look to the parties' conduct to ascertain consideration.

2

Creel's focus on consideration is misplaced.  The only mention of consideration in the order occurred in listing the elements of a contract.  The Court never found that the instant contracts lacked consideration.  Instead, the Court found that Creel was not a party to the 2005 and 2008 contracts between Oakwood and NGS, and that the contracts did not create an obligation for Creel to discharge.  Thus, the existence of consideration would not result in a different disposition of the case.

Even assuming, however, that Creel is arguing the existence of mutuality of obligation, the argument fails.  The provisions in the contracts to which Creel points only establish that Creel was entitled to payments pursuant to the contracts.  The provisions do not establish that Creel was required to do anything.[1]  Thus, as the Court previously determined, the contracts did not create an obligation for Creel to discharge.

### B.  Tortious Interference with a Contract and Tortious Interference with a Business Expectancy

Creel's only argument in its motion regarding its claim of tortious interference with a contract and tortious interference with a business expectancy is that the Court failed to consider numerous allegations in the complaint and the reasonable inferences to be drawn from them.

After careful review of the documents and a hearing, the Court found that the factual allegations supporting the tortious interference with a contract and tortious interference with a business expectancy claims are sparse, and most of the allegations

---

[1] Creel also points to allegations in the Complaint in an attempt to establish consideration and/or mutuality of obligation.  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

consist of conclusory statements that merely recite the elements. Creel's motion presents the same issues ruled upon by the Court. "A motion for reconsideration is not properly used as a vehicle to re-hash old arguments . . . ." <u>DiPonio Const. Co, Inc. v. Int'l Union of Bricklayers and Allied Craftworkers, Local 9</u>, 739 F. Supp.2d 986, 1004 (E.D. Mich. 2010).

### IV.  Conclusion

For the reasons stated above, the motion for reconsideration is DENIED.

SO ORDERED.


    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 12, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160